RE: OPINION REQUEST REGARDING PROPERTY OWNERSHIP AS CANDIDATE QUALIFICATION
THIS OFFICE HAS RECEIVED YOUR REQUEST FOR AN OPINION REGARDING THE CONSTITUTIONALITY OF CITY CODE PROVISIONS WHICH REQUIRE CANDIDATES TO BE PROPERTY OWNERS TO RUN FOR OFFICE. BECAUSE THERE IS CLEAR AUTHORITY ON THIS SUBJECT FROM THE UNITED STATES SUPREME COURT, I HAVE TAKEN THE LIBERTY OF RESPONDING TO YOUR REQUEST BY WAY OF AN INFORMAL OPINION LETTER. THIS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
TWENTY (20) YEARS AGO THE U.S. SUPREME COURT RULED THAT STATE AND LOCAL GOVERNMENTS COULD NOT REQUIRE CANDIDATES OR PUBLIC OFFICERS TO BE PROPERTY OWNERS. TURNER V. FOUCHE,396 U.S. 346, 90 S.CT. 532, 24 L.ED.2D 567 (1970). THIS CASE WAS FROM GEORGIA WHERE ONLY PROPERTY OWNERS COULD RUN FOR SCHOOL BOARD. THE COURT FOUND THAT THIS REQUIREMENT VIOLATED EQUAL PROTECTION OF THE LAWS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION. THE COURT FOUND THE REQUIREMENT TO BE A TYPE OF INVIDIOUS DISCRIMINATION WITH NO RATIONAL BASIS. THE COURT OBSERVED THAT NON-PROPERTY OWNERS COULD BE JUST AS INVOLVED IN COMMUNITY AFFAIRS, MIGHT BE PAYING JUST AS MUCH IN TAXES TO SUPPORT THE SCHOOLS AND COULD HAVE JUST AS MUCH ATTACHMENT TO THE COMMUNITY AS PROPERTY OWNERS.
WHILE THERE MAY BE SOME CANDIDATES THAT WISH TO LITIGATE THIS MATTER I BELIEVE THAT TURNER V. FOUCHE CLEARLY CONTROLS THIS ISSUE AND EXISTING CITY ORDINANCES REQUIRING PROPERTY OWNERSHIP AS A QUALIFICATION FOR OFFICE ARE PATENTLY UNCONSTITUTIONAL. I MIGHT ALSO POINT OUT THAT PROPERTY OWNERSHIP IS NOT A QUALIFICATION FOR MUNICIPAL OFFICE UNDER THE STATUTES OF OKLAHOMA. SEE, 11 O.S. 8-101 (1981) (GENERAL), 11 O.S. 10-103 (ALDERMANIC), 11 O.S. 10-103 (COUNCIL MANAGER), 11 O.S. 11-103 (STRONG MAYOR-COUNCIL) AND 11 O.S. 12-103 (TOWN BOARD OF TRUSTEES).
I AM SENDING A COPY OF THIS LETTER TO LANCE WARD, SECRETARY OF THE STATE ELECTION BOARD. IN MY VIEW THE COUNTY ELECTION BOARDS SHOULD NOT RECOGNIZE NON-PROPERTY OWNERSHIP AS A LEGITIMATE GROUNDS TO FILE A CANDIDATE CONTEST. THIS OFFICE WOULD GLADLY FILE AN AMICUS BRIEF ON THIS ISSUE IN THE UNLIKELY EVENT SOMEONE DECIDED TO LITIGATE IT.
(THOMAS L. SPENCER)